**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

<table>
<tr>
<td>

**UNITED STATE OF AMERICA
and THE STATE OF NEW JERSEY
*ex rel.* DAVID FREEDMAN,**

      **Plaintiffs,**

      **v.**

**BAYADA HOME HEALTH CARE,
INC.,** *et al.,*

      **Defendants.**

</td>
<td>

**Case No. 17–cv–06267–ESK–AMD**

**OPINION AND ORDER**

</td>
</tr>
</table>

    **THIS MATTER** having come before the Court on defendants Visiting Nurse Association of Central Jersey Home Health Group, Inc. (Visiting Nurses) and Cape Visiting Nurse Association Inc.'s (Cape VNA) (collectively Visiting Nurse Defendants) motion for reconsideration (Motion) (ECF No. 202 (Mot.)) and accompanying brief (ECF No. 202–1) (Defs' Br.); and plaintiff-relator David Freedman (Relator) having filed a brief opposing the Motion (ECF No. 216 (Opp'n Br.)); and the Court finding,

**BACKGROUND AND PROCEDURAL HISTORY**

    1.    On May 8, 2024, Relator filed a third amended complaint (Complaint) (ECF No. 139 (Compl.)), which is the operative complaint.

    2.    In the Complaint, Relator alleges Cape VNA's structure was as follows: Visiting Nurses provided Cape Regional Medical Center, Inc.'s (Cape Regional) with 50% equity in the joint venture in exchange for home health and hospice referrals between June 2010 and May 2016, which allegedly resulted in unlawful kickbacks. (Compl. ¶¶18–26.) Subsequently, Cape VNA utilized the patient referrals to submit claims to Medicare for payment. (*Id.* ¶18.) Visiting Nurses was responsible for all managerial tasks in Cape VNA, and Cape Regional's only substantive responsibility in the partnership was to refer patients to Cape VNA. (*Id.* ¶24.)

    3.    As relevant here, counts four, five, and six of the Complaint allege Visiting Nurse Defendants violated the False Claims Act (FCA), 31 U.S.C. §3729

*et seq.*, and the New Jersey False Claims Act by violating the Anti-Kickback Statute (AKS), 42 U.S.C. §1320a–7b(b).   (*Id.* ¶¶223–237.)

4.      On September 30, 2025, I granted in part and denied in part Visiting Nurse Defendants' motion to dismiss (ECF No. 177) counts four, five, and six of the complaint.   (ECF Nos. 196 (Opinion), 197 (Order)).   Specifically, I granted the motion to dismiss as to the statute of limitations barring claims submitted before August 18, 2011 and denied the remainder of the motion to dismiss. (Order.)

5.      In response to the partial dismissal, on October 15, 2025, Visiting Nurse Defendants filed the Motion "asking the Court to reconsider its finding on only one AKS element – remuneration."   (Defs' Br. p. 4; *see* Opinion pp. 5–6.)

## **DISCUSSION**

6.      "The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence.   Accordingly, [an order or] a judgment may be altered or amended if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [resolved] the motion …; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."   *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations and quotations omitted).

7.      Local Civil Rule 7.1(i) allows a party to seek reconsideration where the party believes the judge has "overlooked" a factual or legal issue.   L. Civ. R. 7.1(i).   "The word 'overlooked' is the operative term in the Rule."   *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).   As such, motions for reconsideration "are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers."   *Id.* at 613. The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may result in a different conclusion of the matter.   *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

8.      To prove a violation of the AKS, Relator "must plead that defendants (1) knowingly and willfully, (2) solicit[ed] or receive[d] any remuneration, (3) in return for referring an individual to a person for the furnishing … of any item or service for which payment may be made in whole or in part under a Federal health care program."   *U.S. ex rel. Perri v. Novartis Pharm. Corp.*, No. 15–6547, 2019 WL 6880006, at *10 (D.N.J. Feb. 21, 2019).

9.      Remuneration includes the transfer "of items or services for free or for other than fair market value."   42 U.S.C. §1320a–7a(i)(6).

10.    Here, the Visiting Nurse Defendants argue that I should reconsider my remuneration finding because, "as a 501(c)(3) nonprofit corporation, it was impossible for Cape VNA to distribute profits to its members," (Defs' Br. p. 5 (emphases omitted).)

11.    Relator responds that the Motion: (1) is an improper attempt to relitigate arguments that the Court considered and rejected; (2) erroneously relies on an argument the Visiting Nurse Defendants raised for the first time in their reply brief in support of their motion to dismiss (MTD Reply Brief) (ECF No. 182 (MTD Reply Br.)); and (3) is legally unsupported and misreads the Complaint.    (Opp'n Br. pp. 9–15.)

12.    I agree with Relator.    First, the Motion has not raised any new facts or controlling decision that I overlooked.    *See* Local Civil Rule 7.1(i).    Rather, the Motion merely rehashes arguments already made in the MTD Reply Brief. (*Compare* Defs' Br. pp. 6–11, *with* MTD Reply Br. pp. 7–10.)    This is not the purpose of a motion for reconsideration.    *See Bowers*, 130 F. Supp. 2d at 613.

13.    Second, the Visiting Nurse Defendants raised their non-profit argument for the first time in their MTD Reply Brief.[1]    But "[a]n issue is waived unless a party raises it in its opening brief." *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994); *see also Matthews v. Runco's Tavern & Grill, Inc,* No. 10–01215, 2013 WL 6055219, at *2 (M.D. Pa. Nov. 15, 2013) (finding no "manifest injustice" requiring reconsideration of a denial of summary judgment when the court ignored arguments raised for the first time in a reply in support of summary judgment).    "The reason for not considering new bases for relief raised for the first time in a reply brief is self[-]evident: No sur-reply is permitted, so the opponent has no opportunity to address the new defense."    *D'Alessandro v. Bugler Tobacco Co.*, No. 05–5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007).    It was therefore proper not to consider Visiting Nurse Defendants' arguments raised for the first time in their MTD Reply Brief.    And I cannot "reconsider" arguments I was not required to consider in the first instance.

14.    Third, even if I were to reach the merits, the Motion cites no legal authority for its argument that nonprofits are effectively immune from AKS violations.    Visiting Nurse Defendants appear to be nit-picking a few paragraphs

---

[1] The Visiting Nurse Defendants attempt to preempt this argument by saying they properly raised it "[i]n moving to dismiss" and citing to the opening brief of their motion to dismiss (MTD Brief) (ECF No. 177–1).    (Defs' Br. pp. 6–7; *see also* MTD Reply p. 7 n. 2.) But the cited page of the MTD Brief does not argue that Cape VNA's nonprofit status precludes Relator's remuneration argument; indeed, that argument appears nowhere in the MTD Brief.

of the Complaint at the expense of the rest of it.  (Compl. ¶¶ 104, 120 ("The opportunity for CRMC to invest and own 50% of the venture and opportunity to *profit* from its referrals to the joint venture's home health agency is illegal anti-kickback remuneration." (emphasis added)).)

15.    Whether Cape Regional's alleged benefit from Cape VNA constituted "profit distributions" or "revenue" or another type of monetary payment is not a question that warrants reconsideration of my remuneration analysis.

16.    Because the Visiting Nurse Defendants have shown no intervening change in the law, new evidence, or clear error of law or fact requiring correction to prevent manifest injustice, the Motion will be denied.    *See Max's Seafood Cafe*, 176 F.3d at 677.

Accordingly,

**IT IS** on this    **14th** day of **May 2026    ORDERED** that:

1.    The Motion (ECF No. 202) is DENIED.


    */s/ Edward S. Kiel*
    **EDWARD S. KIEL**
    **UNITED STATES DISTRICT JUDGE**

4