# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

U.S. ex rel. DAVID FREEDMAN

*Plaintiff*

v.

BAYADA HOME HEALTH CARE, INC. et al.

*Defendant*

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Concorde Holdings, Inc.
3909 Research Park Drive, Suite 200, Ann Arbor, MI 48108

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Polsinelli PC<br>Attn: Scott Gilbert (SGilbert@polsinelli.com)<br>150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606 | Date and Time:<br>07/07/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/23/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Scott Gilbert
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BAYADA HOME HEALTHCARE, INC. , who issues or requests this subpoena, are:
Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606, SGilbert@polsinelli.com; (312) 463-6375

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SUBPOENA RIDER

In accordance with the Subpoena to which this Rider is attached, and Definitions and Instructions provided below, You are commanded to produce the following documents listed below by the **7th day of July 2026, at 5:00 p.m. ET at the offices of Polsinelli, PC, Attn: Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606**. Failure to comply with this Subpoena may be deemed in contempt of the Court.

It is sufficient compliance with this Subpoena if a true and correct copy of all the records described below are delivered via email or regular mail to **Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606, by no later than July 7, 2026 at 5:00 p.m.**

The records to be produced are as follows:

## DEFINITIONS & INSTRUCTIONS

A. As used herein, the words and phrases set forth below shall have the following meanings prescribed for them:

"**Communication**" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, chat message or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

"**Defendant**" means BAYADA Home Health Care, Inc..

"**Documents**" shall include, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand: ESI, letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, web-sites, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted

messages ("Email"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including but not limited to any information contained in any computer, server, mainframe, or other storage device (including: (i) information on or in computer memory; (ii) information on or in computer or network backup files; and (iii) information which has been "deleted" or "erased" but is recoverable), whether located on-site or at an off-site facility, within Your possession, custody, or control.

"**Electronically-Stored Information**" or "**ESI**" means all "potentially discoverable electronically stored information" and refers to the party's(ies') ESI that contains or potentially contains information relating to facts at issue in this litigation. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including, without limitation, metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, chat programs, messaging platforms, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants, handheld wireless devices (e.g., mobile phones and tablets), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

"**Lawsuit**" means the lawsuit under which these Requests are served, currently pending in the United States District Court for the District of New Jersey, Case No. 11-cv-06267-ESK-AMD.

"**Relating to**" means concerning, referring to, discussing, describing, mentioning, embodying, in connection with, commenting on, responding to, showing, describing, analyzing, interpreting, evidencing, signifying, proving, reflecting, or constituting, in whole or in part, otherwise used or referred to in the preparation therefor, in the course thereof, or as a consequence thereof, or being in any way legally, logically, or factually connected, in whole or in part, with the matter discussed or the subject matter of the particular Request.

The terms "**You**," and "**Your**" means Concorde Holdings, Inc. to which this subpoena is directed, and any one or all of its present or former members, officers, employees, agents, attorneys, parents, subsidiaries, predecessors, or successors, or any other

individual or entity acting or purporting to act on its behalf or pursuant to its direction.

"**Plaintiff**" means David Freedman.

Reference to any entity shall mean to include its parents, divisions, subsidiaries, affiliates, current and former directors, officers, shareholders, employees, agents, representatives, predecessors, successors, or assigns.

Reference to any natural person shall mean to include any of his or her agents, investigators, attorneys and any other persons or entities acting on his or her behalf.

B. In responding to this discovery request, product all documents known or available to you regardless of whether such documents are in your direct possession or in the possession of your agents, employees, or representatives or are otherwise under your control.

## DOCUMENTS REQUESTED

1. Plaintiff's entire personnel file.

2. Documents sufficient to establish Plaintiff's rate(s) of compensation with You and any changes thereto during Plaintiff's engagement and/or employment.

3. Documents sufficient to establish any benefits for which Plaintiff was/is eligible to receive during his engagement and/or employment with You and each such benefit Plaintiff has elected to receive.

4. All Documents and Communications relating to Your decision to engage and/or employ Plaintiff, including, but not limited to any non-privileged internal communications regarding the decision to engage and/or employ Plaintiff, text or instant message communications with Plaintiff, applications, cover letters, resumes, meetings with Plaintiff, electronic calendar invitations, and any general advertisements You contend Plaintiff responded to in relation to his respective engagement/employment with You.

5. All Communications between You and Plaintiff relating to the terms and conditions of any engagement offer and/or offer of employment with You, including, but not limited to, any consulting agreement, independent contractor agreement, freelancer agreement, offer letter and any amendments thereto for Plaintiff.

6. All Documents sufficient to show Plaintiff's job title(s) and job duties during his engagement/employment with You, including job descriptions and written scope-of-work documents.

7. All Documents and Communications relating to Plaintiff's performance evaluations, reviews, and feedback concerning Plaintiff.

8. All Documents and Communications relating to discipline, counseling, performance improvement plans, or corrective actions involving Plaintiff.

9. All Communications between You and Plaintiff discussing or referencing Plaintiff's engagement or work relationship with Defendant.

10. All Documents delivered, provided or otherwise disclosed to You by Plaintiff relating to Plaintiff's engagement or work relationship with Defendant.

11. All Communications between You and any reference provided by Plaintiff in relation to his hiring by You.

12. Documents reflecting any requests for workplace accommodations made by Plaintiff that reference mental health, emotional distress, stress, anxiety, depression, or counseling needs, and the employer's response thereto.

13. Documents sufficient to show any intermittent leave usage taken by Plaintiff for mental health or emotional reasons, including frequency and duration.

Pursuant to Rule 45 of the Federal Rule of Civil Procedure, You need not appear at the place of production listed on the accompanying subpoena duces tecum.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

U.S. ex rel. DAVID FREEDMAN

*Plaintiff*

v.

BAYADA HOME HEALTH CARE, INC. et al.

*Defendant*

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Concorde Investment Services, LLC
CSC- Lawyers Incorporating Service (Company), 3410 Belle Chase Way, STE 600, Lansing, MI 48911

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Polsinelli PC<br>Attn: Scott Gilbert (SGilbert@polsinelli.com)<br>150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606 | Date and Time:<br>07/07/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/23/2026

*CLERK OF COURT*

OR

/s/ Scott Gilbert

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BAYADA HOME HEALTHCARE, INC. , who issues or requests this subpoena, are:
Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606, SGilbert@polsinelli.com; (312) 463-6375

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA RIDER

In accordance with the Subpoena to which this Rider is attached, and Definitions and Instructions provided below, You are commanded to produce the following documents listed below by the **7th day of July 2026, at 5:00 p.m. ET at the offices of Polsinelli, PC, Attn: Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606**. Failure to comply with this Subpoena may be deemed in contempt of the Court.

It is sufficient compliance with this Subpoena if a true and correct copy of all the records described below are delivered via email or regular mail to **Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606, by no later than July 7, 2026 at 5:00 p.m.**

The records to be produced are as follows:

### DEFINITIONS & INSTRUCTIONS

A. As used herein, the words and phrases set forth below shall have the following meanings prescribed for them:

"**Communication**" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, chat message or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

"**Defendant**" means BAYADA Home Health Care, Inc..

"**Documents**" shall include, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand: ESI, letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, web-sites, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted

messages ("Email"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including but not limited to any information contained in any computer, server, mainframe, or other storage device (including: (i) information on or in computer memory; (ii) information on or in computer or network backup files; and (iii) information which has been "deleted" or "erased" but is recoverable), whether located on-site or at an off-site facility, within Your possession, custody, or control.

"**Electronically-Stored Information**" or "**ESI**" means all "potentially discoverable electronically stored information" and refers to the party's(ies') ESI that contains or potentially contains information relating to facts at issue in this litigation. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including, without limitation, metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, chat programs, messaging platforms, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants, handheld wireless devices (e.g., mobile phones and tablets), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

"**Lawsuit**" means the lawsuit under which these Requests are served, currently pending in the United States District Court for the District of New Jersey, Case No. 11-cv-06267-ESK-AMD.

"**Relating to**" means concerning, referring to, discussing, describing, mentioning, embodying, in connection with, commenting on, responding to, showing, describing, analyzing, interpreting, evidencing, signifying, proving, reflecting, or constituting, in whole or in part, otherwise used or referred to in the preparation therefor, in the course thereof, or as a consequence thereof, or being in any way legally, logically, or factually connected, in whole or in part, with the matter discussed or the subject matter of the particular Request.

The terms "**You**," and "**Your**" means Concorde Investment Services, LLC, to which this subpoena is directed, and any one or all of its present or former members, officers, employees, agents, attorneys, parents, subsidiaries, predecessors, or successors, or

any other individual or entity acting or purporting to act on its behalf or pursuant to its direction.

"**Plaintiff**" means David Freedman.

Reference to any entity shall mean to include its parents, divisions, subsidiaries, affiliates, current and former directors, officers, shareholders, employees, agents, representatives, predecessors, successors, or assigns.

Reference to any natural person shall mean to include any of his or her agents, investigators, attorneys and any other persons or entities acting on his or her behalf.

B. In responding to this discovery request, product all documents known or available to you regardless of whether such documents are in your direct possession or in the possession of your agents, employees, or representatives or are otherwise under your control.

## DOCUMENTS REQUESTED

1. Plaintiff's entire personnel file.

2. Documents sufficient to establish Plaintiff's rate(s) of compensation with You and any changes thereto during Plaintiff's engagement and/or employment.

3. Documents sufficient to establish any benefits for which Plaintiff was/is eligible to receive during his engagement and/or employment with You and each such benefit Plaintiff has elected to receive.

4. All Documents and Communications relating to Your decision to engage and/or employ Plaintiff, including, but not limited to any non-privileged internal communications regarding the decision to engage and/or employ Plaintiff, text or instant message communications with Plaintiff, applications, cover letters, resumes, meetings with Plaintiff, electronic calendar invitations, and any general advertisements You contend Plaintiff responded to in relation to his respective engagement/employment with You.

5. All Communications between You and Plaintiff relating to the terms and conditions of any engagement offer and/or offer of employment with You, including, but not limited to, any consulting agreement, independent contractor agreement, freelancer agreement, offer letter and any amendments thereto for Plaintiff.

6. All Documents sufficient to show Plaintiff's job title(s) and job duties during his engagement/employment with You, including job descriptions and written scope-of-work documents.

7. All Documents and Communications relating to Plaintiff's performance evaluations, reviews, and feedback concerning Plaintiff.

8. All Documents and Communications relating to discipline, counseling, performance improvement plans, or corrective actions involving Plaintiff.

9. All Communications between You and Plaintiff discussing or referencing Plaintiff's engagement or work relationship with Defendant.

10. All Documents delivered, provided or otherwise disclosed to You by Plaintiff relating to Plaintiff's engagement or work relationship with Defendant.

11. All Communications between You and any reference provided by Plaintiff in relation to his hiring by You.

12. Documents reflecting any requests for workplace accommodations made by Plaintiff that reference mental health, emotional distress, stress, anxiety, depression, or counseling needs, and the employer's response thereto.

13. Documents sufficient to show any intermittent leave usage taken by Plaintiff for mental health or emotional reasons, including frequency and duration.

Pursuant to Rule 45 of the Federal Rule of Civil Procedure, You need not appear at the place of production listed on the accompanying subpoena duces tecum.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

U.S. ex rel. DAVID FREEDMAN
*Plaintiff*
v.
BAYADA HOME HEALTH CARE, INC. et al.
*Defendant*

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: McDermott Investment Services, LLC
44 East Broad Street, Suite 216, Bethlehem, PA 18018

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Polsinelli PC<br>Attn: Scott Gilbert (SGilbert@polsinelli.com)<br>150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606 | Date and Time:<br>07/07/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/23/2026

*CLERK OF COURT*

OR

/s/ Scott Gilbert

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BAYADA HOME HEALTHCARE, INC. , who issues or requests this subpoena, are:
Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606, SGilbert@polsinelli.com; (312) 463-6375

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

________________________________________________________________________________

____________________________________________ on *(date)* ________________ ; or

❒ I returned the subpoena unexecuted because: ________________________________________

________________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

____________________________________________
*Server's signature*

____________________________________________
*Printed name and title*

____________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SUBPOENA RIDER

In accordance with the Subpoena to which this Rider is attached, and Definitions and Instructions provided below, You are commanded to produce the following documents listed below by the **7th day of July 2026, at 5:00 p.m. ET at the offices of Polsinelli, PC, Attn: Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606**. Failure to comply with this Subpoena may be deemed in contempt of the Court.

It is sufficient compliance with this Subpoena if a true and correct copy of all the records described below are delivered via email or regular mail to **Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606, by no later than July 7, 2026 at 5:00 p.m.**

The records to be produced are as follows:

## DEFINITIONS & INSTRUCTIONS

A. As used herein, the words and phrases set forth below shall have the following meanings prescribed for them:

"**Communication**" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, chat message or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

"**Defendant**" means BAYADA Home Health Care, Inc..

"**Documents**" shall include, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand: ESI, letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, web-sites, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted

messages ("Email"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including but not limited to any information contained in any computer, server, mainframe, or other storage device (including: (i) information on or in computer memory; (ii) information on or in computer or network backup files; and (iii) information which has been "deleted" or "erased" but is recoverable), whether located on-site or at an off-site facility, within Your possession, custody, or control.

"**Electronically-Stored Information**" or "**ESI**" means all "potentially discoverable electronically stored information" and refers to the party's(ies') ESI that contains or potentially contains information relating to facts at issue in this litigation. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including, without limitation, metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, chat programs, messaging platforms, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants, handheld wireless devices (e.g., mobile phones and tablets), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

"**Lawsuit**" means the lawsuit under which these Requests are served, currently pending in the United States District Court for the District of New Jersey, Case No. 11-cv-06267-ESK-AMD.

"**Relating to**" means concerning, referring to, discussing, describing, mentioning, embodying, in connection with, commenting on, responding to, showing, describing, analyzing, interpreting, evidencing, signifying, proving, reflecting, or constituting, in whole or in part, otherwise used or referred to in the preparation therefor, in the course thereof, or as a consequence thereof, or being in any way legally, logically, or factually connected, in whole or in part, with the matter discussed or the subject matter of the particular Request.

The terms "**You**," and "**Your**" means McDermott Investment Services, LLC to which this subpoena is directed, and any one or all of its present or former members, officers, employees, agents, attorneys, parents, subsidiaries, predecessors, or successors, or

any other individual or entity acting or purporting to act on its behalf or pursuant to its direction.

"**Plaintiff**" means David Freedman.

Reference to any entity shall mean to include its parents, divisions, subsidiaries, affiliates, current and former directors, officers, shareholders, employees, agents, representatives, predecessors, successors, or assigns.

Reference to any natural person shall mean to include any of his or her agents, investigators, attorneys and any other persons or entities acting on his or her behalf.

B. In responding to this discovery request, product all documents known or available to you regardless of whether such documents are in your direct possession or in the possession of your agents, employees, or representatives or are otherwise under your control.

## DOCUMENTS REQUESTED

1. Plaintiff's entire personnel file.

2. Documents sufficient to establish Plaintiff's rate(s) of compensation with You and any changes thereto during Plaintiff's engagement and/or employment.

3. Documents sufficient to establish any benefits for which Plaintiff was/is eligible to receive during his engagement and/or employment with You and each such benefit Plaintiff has elected to receive.

4. All Documents and Communications relating to Your decision to engage and/or employ Plaintiff, including, but not limited to any non-privileged internal communications regarding the decision to engage and/or employ Plaintiff, text or instant message communications with Plaintiff, applications, cover letters, resumes, meetings with Plaintiff, electronic calendar invitations, and any general advertisements You contend Plaintiff responded to in relation to his respective engagement/employment with You.

5. All Communications between You and Plaintiff relating to the terms and conditions of any engagement offer and/or offer of employment with You, including, but not limited to, any consulting agreement, independent contractor agreement, freelancer agreement, offer letter and any amendments thereto for Plaintiff.

6. All Documents sufficient to show Plaintiff's job title(s) and job duties during his engagement/employment with You, including job descriptions and written scope-of-work documents.

7. All Documents and Communications relating to Plaintiff's performance evaluations, reviews, and feedback concerning Plaintiff.

8. All Documents and Communications relating to discipline, counseling, performance improvement plans, or corrective actions involving Plaintiff.

9. All Communications between You and Plaintiff discussing or referencing Plaintiff's engagement or work relationship with Defendant.

10. All Documents delivered, provided or otherwise disclosed to You by Plaintiff relating to Plaintiff's engagement or work relationship with Defendant.

11. All Communications between You and any reference provided by Plaintiff in relation to his hiring by You.

12. Documents reflecting any requests for workplace accommodations made by Plaintiff that reference mental health, emotional distress, stress, anxiety, depression, or counseling needs, and the employer's response thereto.

13. Documents sufficient to show any intermittent leave usage taken by Plaintiff for mental health or emotional reasons, including frequency and duration.

Pursuant to Rule 45 of the Federal Rule of Civil Procedure, You need not appear at the place of production listed on the accompanying subpoena duces tecum.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

U.S. ex rel. DAVID FREEDMAN
*Plaintiff*
v.
BAYADA HOME HEALTH CARE, INC. et al.
*Defendant*

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: PNC Financial Services Group, Inc.
ATTN: PNC Bank Subpoena Processing, 4100 West 150th St, Cleveland, OH 44135

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Polsinelli PC<br>Attn: Scott Gilbert (SGilbert@polsinelli.com)<br>150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606 | Date and Time:<br>07/07/2026 5:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/23/2026

*CLERK OF COURT*

OR

/s/ Scott Gilbert

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BAYADA HOME HEALTHCARE, INC., who issues or requests this subpoena, are:
Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606, SGilbert@polsinelli.com; (312) 463-6375

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SUBPOENA RIDER

In accordance with the Subpoena to which this Rider is attached, and Definitions and Instructions provided below, You are commanded to produce the following documents listed below by the 7**th day of July 2026, at 5:00 p.m. ET at the offices of Polsinelli, PC, Attn: Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606**. Failure to comply with this Subpoena may be deemed in contempt of the Court.

It is sufficient compliance with this Subpoena if a true and correct copy of all the records described below are delivered via email or regular mail to **Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606, by no later than July 7, 2026 at 5:00 p.m.**

The records to be produced are as follows:

## DEFINITIONS & INSTRUCTIONS

A. As used herein, the words and phrases set forth below shall have the following meanings prescribed for them:

"**Communication**" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, chat message or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

"**Defendant**" means BAYADA Home Health Care, Inc..

"**Documents**" shall include, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand: ESI, letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, web-sites, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted

messages ("Email"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including but not limited to any information contained in any computer, server, mainframe, or other storage device (including: (i) information on or in computer memory; (ii) information on or in computer or network backup files; and (iii) information which has been "deleted" or "erased" but is recoverable), whether located on-site or at an off-site facility, within Your possession, custody, or control.

"**Electronically-Stored Information**" or "**ESI**" means all "potentially discoverable electronically stored information" and refers to the party's(ies') ESI that contains or potentially contains information relating to facts at issue in this litigation. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including, without limitation, metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, chat programs, messaging platforms, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants, handheld wireless devices (e.g., mobile phones and tablets), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

"**Lawsuit**" means the lawsuit under which these Requests are served, currently pending in the United States District Court for the District of New Jersey, Case No. 11-cv-06267-ESK-AMD.

"**Relating to**" means concerning, referring to, discussing, describing, mentioning, embodying, in connection with, commenting on, responding to, showing, describing, analyzing, interpreting, evidencing, signifying, proving, reflecting, or constituting, in whole or in part, otherwise used or referred to in the preparation therefor, in the course thereof, or as a consequence thereof, or being in any way legally, logically, or factually connected, in whole or in part, with the matter discussed or the subject matter of the particular Request.

The terms "**You**," and "**Your**" means PNC Financial Services, Inc. to which this subpoena is directed, and any one or all of its present or former members, officers, employees, agents, attorneys, parents, subsidiaries, predecessors, or successors, or any other

individual or entity acting or purporting to act on its behalf or pursuant to its direction.

"**Plaintiff**" means David Freedman.

Reference to any entity shall mean to include its parents, divisions, subsidiaries, affiliates, current and former directors, officers, shareholders, employees, agents, representatives, predecessors, successors, or assigns.

Reference to any natural person shall mean to include any of his or her agents, investigators, attorneys and any other persons or entities acting on his or her behalf.

B. In responding to this discovery request, product all documents known or available to you regardless of whether such documents are in your direct possession or in the possession of your agents, employees, or representatives or are otherwise under your control.

## DOCUMENTS REQUESTED

1. Plaintiff's entire personnel file.

2. Documents sufficient to establish Plaintiff's rate(s) of compensation with You and any changes thereto during Plaintiff's engagement and/or employment.

3. Documents sufficient to establish any benefits for which Plaintiff was/is eligible to receive during his engagement and/or employment with You and each such benefit Plaintiff has elected to receive.

4. All Documents and Communications relating to Your decision to engage and/or employ Plaintiff, including, but not limited to any non-privileged internal communications regarding the decision to engage and/or employ Plaintiff, text or instant message communications with Plaintiff, applications, cover letters, resumes, meetings with Plaintiff, electronic calendar invitations, and any general advertisements You contend Plaintiff responded to in relation to his respective engagement/employment with You.

5. All Communications between You and Plaintiff relating to the terms and conditions of any engagement offer and/or offer of employment with You, including, but not limited to, any consulting agreement, independent contractor agreement, freelancer agreement, offer letter and any amendments thereto for Plaintiff.

6. All Documents sufficient to show Plaintiff's job title(s) and job duties during his engagement/employment with You, including job descriptions and written scope-of-work documents.

7. All Documents and Communications relating to Plaintiff's performance evaluations, reviews, and feedback concerning Plaintiff.

8. All Documents and Communications relating to discipline, counseling, performance improvement plans, or corrective actions involving Plaintiff.

9. All Communications between You and Plaintiff discussing or referencing Plaintiff's engagement or work relationship with Defendant.

10. All Documents delivered, provided or otherwise disclosed to You by Plaintiff relating to Plaintiff's engagement or work relationship with Defendant.

11. All Communications between You and any reference provided by Plaintiff in relation to his hiring by You.

12. Documents reflecting any requests for workplace accommodations made by Plaintiff that reference mental health, emotional distress, stress, anxiety, depression, or counseling needs, and the employer's response thereto.

13. Documents sufficient to show any intermittent leave usage taken by Plaintiff for mental health or emotional reasons, including frequency and duration.

Pursuant to Rule 45 of the Federal Rule of Civil Procedure, You need not appear at the place of production listed on the accompanying subpoena duces tecum.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

U.S. ex rel. DAVID FREEDMAN
*Plaintiff*
v.
BAYADA HOME HEALTH CARE, INC. et al.
*Defendant*

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: StoneRidge Partners, LLC
Attn: S&H Louisville, LLC, 400 W. Market St., Suite 1800, Louisville, KY 40202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Polsinelli PC<br>Attn: Scott Gilbert (SGilbert@polsinelli.com)<br>150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606 | Date and Time:<br>07/07/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/23/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Scott Gilbert
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BAYADA HOME HEALTHCARE, INC. , who issues or requests this subpoena, are:
Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606, SGilbert@polsinelli.com; (312) 463-6375

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________

______________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SUBPOENA RIDER**

In accordance with the Subpoena to which this Rider is attached, and Definitions and Instructions provided below, You are commanded to produce the following documents listed below by the 7**th day of July 2026, at 5:00 p.m. ET at the offices of Polsinelli, PC, Attn: Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606**. Failure to comply with this Subpoena may be deemed in contempt of the Court.

It is sufficient compliance with this Subpoena if a true and correct copy of all the records described below are delivered via email or regular mail to **Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606, by no later than July 7, 2026 at 5:00 p.m.**

The records to be produced are as follows:

**DEFINITIONS & INSTRUCTIONS**

A. As used herein, the words and phrases set forth below shall have the following meanings prescribed for them:

"**Communication**" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, chat message or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

"**Defendant**" means BAYADA Home Health Care, Inc..

"**Documents**" shall include, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand: ESI, letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, web-sites, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted

messages ("Email"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including but not limited to any information contained in any computer, server, mainframe, or other storage device (including: (i) information on or in computer memory; (ii) information on or in computer or network backup files; and (iii) information which has been "deleted" or "erased" but is recoverable), whether located on-site or at an off-site facility, within Your possession, custody, or control.

"**Electronically-Stored Information**" or "**ESI**" means all "potentially discoverable electronically stored information" and refers to the party's(ies') ESI that contains or potentially contains information relating to facts at issue in this litigation. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including, without limitation, metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, chat programs, messaging platforms, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants, handheld wireless devices (e.g., mobile phones and tablets), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

"**Lawsuit**" means the lawsuit under which these Requests are served, currently pending in the United States District Court for the District of New Jersey, Case No. 11-cv-06267-ESK-AMD.

"**Relating to**" means concerning, referring to, discussing, describing, mentioning, embodying, in connection with, commenting on, responding to, showing, describing, analyzing, interpreting, evidencing, signifying, proving, reflecting, or constituting, in whole or in part, otherwise used or referred to in the preparation therefor, in the course thereof, or as a consequence thereof, or being in any way legally, logically, or factually connected, in whole or in part, with the matter discussed or the subject matter of the particular Request.

The terms "**You**," and "**Your**" means StoneRidge Partners, LLC to which this subpoena is directed, and any one or all of its present or former members, officers, employees, agents, attorneys, parents, subsidiaries, predecessors, or successors, or any other

individual or entity acting or purporting to act on its behalf or pursuant to its direction.

"**Plaintiff**" means David Freedman.

Reference to any entity shall mean to include its parents, divisions, subsidiaries, affiliates, current and former directors, officers, shareholders, employees, agents, representatives, predecessors, successors, or assigns.

Reference to any natural person shall mean to include any of his or her agents, investigators, attorneys and any other persons or entities acting on his or her behalf.

B. In responding to this discovery request, product all documents known or available to you regardless of whether such documents are in your direct possession or in the possession of your agents, employees, or representatives or are otherwise under your control.

## DOCUMENTS REQUESTED

1. Plaintiff's entire personnel file.

2. Documents sufficient to establish Plaintiff's rate(s) of compensation with You and any changes thereto during Plaintiff's engagement and/or employment.

3. Documents sufficient to establish any benefits for which Plaintiff was/is eligible to receive during his engagement and/or employment with You and each such benefit Plaintiff has elected to receive.

4. All Documents and Communications relating to Your decision to engage and/or employ Plaintiff, including, but not limited to any non-privileged internal communications regarding the decision to engage and/or employ Plaintiff, text or instant message communications with Plaintiff, applications, cover letters, resumes, meetings with Plaintiff, electronic calendar invitations, and any general advertisements You contend Plaintiff responded to in relation to his respective engagement/employment with You.

5. All Communications between You and Plaintiff relating to the terms and conditions of any engagement offer and/or offer of employment with You, including, but not limited to, any consulting agreement, independent contractor agreement, freelancer agreement, offer letter and any amendments thereto for Plaintiff.

6. All Documents sufficient to show Plaintiff's job title(s) and job duties during his engagement/employment with You, including job descriptions and written scope-of-work documents.

7. All Documents and Communications relating to Plaintiff's performance evaluations, reviews, and feedback concerning Plaintiff.

8. All Documents and Communications relating to discipline, counseling, performance improvement plans, or corrective actions involving Plaintiff.

9. All Communications between You and Plaintiff discussing or referencing Plaintiff's engagement or work relationship with Defendant.

10. All Documents delivered, provided or otherwise disclosed to You by Plaintiff relating to Plaintiff's engagement or work relationship with Defendant.

11. All Communications between You and any reference provided by Plaintiff in relation to his hiring by You.

12. Documents reflecting any requests for workplace accommodations made by Plaintiff that reference mental health, emotional distress, stress, anxiety, depression, or counseling needs, and the employer's response thereto.

13. Documents sufficient to show any intermittent leave usage taken by Plaintiff for mental health or emotional reasons, including frequency and duration.

Pursuant to Rule 45 of the Federal Rule of Civil Procedure, You need not appear at the place of production listed on the accompanying subpoena duces tecum.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

U.S. ex rel. DAVID FREEDMAN
*Plaintiff*
v.
BAYADA HOME HEALTH CARE, INC. et al.
*Defendant*

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Team Select Services LLC
ATTN: CT Corporation System, 3800 North Central Avenue, Suite 460, Phoenix, AZ, Maricopa County, 85012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Polsinelli PC<br>Attn: Scott Gilbert (SGilbert@polsinelli.com)<br>150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606 | Date and Time:<br>07/07/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/23/2026

*CLERK OF COURT*

OR

_________________________
*Signature of Clerk or Deputy Clerk*

/s/ Scott Gilbert
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BAYADA HOME HEALTHCARE, INC. , who issues or requests this subpoena, are:
Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606, SGilbert@polsinelli.com; (312) 463-6375

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
________________________________________________________________________________
____________________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ________________________________________
________________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ________________________________________

*Server's signature*

________________________________________

*Printed name and title*

________________________________________

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SUBPOENA RIDER**

In accordance with the Subpoena to which this Rider is attached, and Definitions and Instructions provided below, You are commanded to produce the following documents listed below by the 7**th day of July 2026, at 5:00 p.m. ET at the offices of Polsinelli, PC, Attn: Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606**. Failure to comply with this Subpoena may be deemed in contempt of the Court.

It is sufficient compliance with this Subpoena if a true and correct copy of all the records described below are delivered via email or regular mail to **Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606, by no later than July 7, 2026 at 5:00 p.m.**

The records to be produced are as follows:

**DEFINITIONS & INSTRUCTIONS**

A. As used herein, the words and phrases set forth below shall have the following meanings prescribed for them:

"**Communication**" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, chat message or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

"**Defendant**" means BAYADA Home Health Care, Inc..

"**Documents**" shall include, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand: ESI, letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, web-sites, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted

messages ("Email"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including but not limited to any information contained in any computer, server, mainframe, or other storage device (including: (i) information on or in computer memory; (ii) information on or in computer or network backup files; and (iii) information which has been "deleted" or "erased" but is recoverable), whether located on-site or at an off-site facility, within Your possession, custody, or control.

"**Electronically-Stored Information**" or "**ESI**" means all "potentially discoverable electronically stored information" and refers to the party's(ies') ESI that contains or potentially contains information relating to facts at issue in this litigation. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including, without limitation, metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, chat programs, messaging platforms, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants, handheld wireless devices (e.g., mobile phones and tablets), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

"**Lawsuit**" means the lawsuit under which these Requests are served, currently pending in the United States District Court for the District of New Jersey, Case No. 11-cv-06267-ESK-AMD.

"**Relating to**" means concerning, referring to, discussing, describing, mentioning, embodying, in connection with, commenting on, responding to, showing, describing, analyzing, interpreting, evidencing, signifying, proving, reflecting, or constituting, in whole or in part, otherwise used or referred to in the preparation therefor, in the course thereof, or as a consequence thereof, or being in any way legally, logically, or factually connected, in whole or in part, with the matter discussed or the subject matter of the particular Request.

The terms "**You**," and "**Your**" means Team Select Services LLC to which this subpoena is directed, and any one or all of its present or former members, officers, employees, agents, attorneys, parents, subsidiaries, predecessors, or successors, or any other

individual or entity acting or purporting to act on its behalf or pursuant to its direction.

"**Plaintiff**" means David Freedman.

Reference to any entity shall mean to include its parents, divisions, subsidiaries, affiliates, current and former directors, officers, shareholders, employees, agents, representatives, predecessors, successors, or assigns.

Reference to any natural person shall mean to include any of his or her agents, investigators, attorneys and any other persons or entities acting on his or her behalf.

B. In responding to this discovery request, product all documents known or available to you regardless of whether such documents are in your direct possession or in the possession of your agents, employees, or representatives or are otherwise under your control.

## DOCUMENTS REQUESTED

1. Plaintiff's entire personnel file.

2. Documents sufficient to establish Plaintiff's rate(s) of compensation with You and any changes thereto during Plaintiff's engagement and/or employment.

3. Documents sufficient to establish any benefits for which Plaintiff was/is eligible to receive during his engagement and/or employment with You and each such benefit Plaintiff has elected to receive.

4. All Documents and Communications relating to Your decision to engage and/or employ Plaintiff, including, but not limited to any non-privileged internal communications regarding the decision to engage and/or employ Plaintiff, text or instant message communications with Plaintiff, applications, cover letters, resumes, meetings with Plaintiff, electronic calendar invitations, and any general advertisements You contend Plaintiff responded to in relation to his respective engagement/employment with You.

5. All Communications between You and Plaintiff relating to the terms and conditions of any engagement offer and/or offer of employment with You, including, but not limited to, any consulting agreement, independent contractor agreement, freelancer agreement, offer letter and any amendments thereto for Plaintiff.

6. All Documents sufficient to show Plaintiff's job title(s) and job duties during his engagement/employment with You, including job descriptions and written scope-of-work documents.

7. All Documents and Communications relating to Plaintiff's performance evaluations, reviews, and feedback concerning Plaintiff.

8. All Documents and Communications relating to discipline, counseling, performance improvement plans, or corrective actions involving Plaintiff.

9. All Communications between You and Plaintiff discussing or referencing Plaintiff's engagement or work relationship with Defendant.

10. All Documents delivered, provided or otherwise disclosed to You by Plaintiff relating to Plaintiff's engagement or work relationship with Defendant.

11. All Communications between You and any reference provided by Plaintiff in relation to his hiring by You.

12. Documents reflecting any requests for workplace accommodations made by Plaintiff that reference mental health, emotional distress, stress, anxiety, depression, or counseling needs, and the employer's response thereto.

13. Documents sufficient to show any intermittent leave usage taken by Plaintiff for mental health or emotional reasons, including frequency and duration.

Pursuant to Rule 45 of the Federal Rule of Civil Procedure, You need not appear at the place of production listed on the accompanying subpoena duces tecum.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

U.S. ex rel. DAVID FREEDMAN
*Plaintiff*
v.
BAYADA HOME HEALTH CARE, INC. et al.
*Defendant*

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Walgreens Boots Alliance
Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Polsinelli PC<br>Attn: Scott Gilbert (SGilbert@polsinelli.com)<br>150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606 | Date and Time:<br>07/07/2026 5:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/23/2026

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

/s/ Scott Gilbert
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BAYADA HOME HEALTHCARE, INC. , who issues or requests this subpoena, are:
Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago IL, 60606, SGilbert@polsinelli.com; (312) 463-6375

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 17-cv-06267-ESK-AMD (D.N.J.)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA RIDER

In accordance with the Subpoena to which this Rider is attached, and Definitions and Instructions provided below, You are commanded to produce the following documents listed below by the **7th day of July 2026, at 5:00 p.m. ET at the offices of Polsinelli, PC, Attn: Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606**. Failure to comply with this Subpoena may be deemed in contempt of the Court.

It is sufficient compliance with this Subpoena if a true and correct copy of all the records described below are delivered via email or regular mail to **Scott Gilbert, 150 N. Riverside Plaza, Suite 3000, Chicago, IL, 60606, by no later than July 7, 2026 at 5:00 p.m.**

The records to be produced are as follows:

### DEFINITIONS & INSTRUCTIONS

A. As used herein, the words and phrases set forth below shall have the following meanings prescribed for them:

"**Communication**" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, chat message or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

"**Defendant**" means BAYADA Home Health Care, Inc..

"**Documents**" shall include, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand: ESI, letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, web-sites, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted

messages ("Email"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including but not limited to any information contained in any computer, server, mainframe, or other storage device (including: (i) information on or in computer memory; (ii) information on or in computer or network backup files; and (iii) information which has been "deleted" or "erased" but is recoverable), whether located on-site or at an off-site facility, within Your possession, custody, or control.

"**Electronically-Stored Information**" or "**ESI**" means all "potentially discoverable electronically stored information" and refers to the party's(ies') ESI that contains or potentially contains information relating to facts at issue in this litigation. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including, without limitation, metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, chat programs, messaging platforms, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants, handheld wireless devices (e.g., mobile phones and tablets), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

"**Lawsuit**" means the lawsuit under which these Requests are served, currently pending in the United States District Court for the District of New Jersey, Case No. 11-cv-06267-ESK-AMD.

"**Relating to**" means concerning, referring to, discussing, describing, mentioning, embodying, in connection with, commenting on, responding to, showing, describing, analyzing, interpreting, evidencing, signifying, proving, reflecting, or constituting, in whole or in part, otherwise used or referred to in the preparation therefor, in the course thereof, or as a consequence thereof, or being in any way legally, logically, or factually connected, in whole or in part, with the matter discussed or the subject matter of the particular Request.

The terms "**You**," and "**Your**" means Walgreens Boots Alliance to which this subpoena is directed, and any one or all of its present or former members, officers, employees, agents, attorneys, parents, subsidiaries, predecessors, or successors, or any other

individual or entity acting or purporting to act on its behalf or pursuant to its direction.

"**Plaintiff**" means David Freedman.

Reference to any entity shall mean to include its parents, divisions, subsidiaries, affiliates, current and former directors, officers, shareholders, employees, agents, representatives, predecessors, successors, or assigns.

Reference to any natural person shall mean to include any of his or her agents, investigators, attorneys and any other persons or entities acting on his or her behalf.

B. In responding to this discovery request, product all documents known or available to you regardless of whether such documents are in your direct possession or in the possession of your agents, employees, or representatives or are otherwise under your control.

## DOCUMENTS REQUESTED

1. Plaintiff's entire personnel file.

2. Documents sufficient to establish Plaintiff's rate(s) of compensation with You and any changes thereto during Plaintiff's engagement and/or employment.

3. Documents sufficient to establish any benefits for which Plaintiff was/is eligible to receive during his engagement and/or employment with You and each such benefit Plaintiff has elected to receive.

4. All Documents and Communications relating to Your decision to engage and/or employ Plaintiff, including, but not limited to any non-privileged internal communications regarding the decision to engage and/or employ Plaintiff, text or instant message communications with Plaintiff, applications, cover letters, resumes, meetings with Plaintiff, electronic calendar invitations, and any general advertisements You contend Plaintiff responded to in relation to his respective engagement/employment with You.

5. All Communications between You and Plaintiff relating to the terms and conditions of any engagement offer and/or offer of employment with You, including, but not limited to, any consulting agreement, independent contractor agreement, freelancer agreement, offer letter and any amendments thereto for Plaintiff.

6. All Documents sufficient to show Plaintiff's job title(s) and job duties during his engagement/employment with You, including job descriptions and written scope-of-work documents.

7. All Documents and Communications relating to Plaintiff's performance evaluations, reviews, and feedback concerning Plaintiff.

8. All Documents and Communications relating to discipline, counseling, performance improvement plans, or corrective actions involving Plaintiff.

9. All Communications between You and Plaintiff discussing or referencing Plaintiff's engagement or work relationship with Defendant.

10. All Documents delivered, provided or otherwise disclosed to You by Plaintiff relating to Plaintiff's engagement or work relationship with Defendant.

11. All Communications between You and any reference provided by Plaintiff in relation to his hiring by You.

12. Documents reflecting any requests for workplace accommodations made by Plaintiff that reference mental health, emotional distress, stress, anxiety, depression, or counseling needs, and the employer's response thereto.

13. Documents sufficient to show any intermittent leave usage taken by Plaintiff for mental health or emotional reasons, including frequency and duration.

Pursuant to Rule 45 of the Federal Rule of Civil Procedure, You need not appear at the place of production listed on the accompanying subpoena duces tecum.