Goldberg Kohn

55 E Monroe St, Suite 3300
Chicago, Illinois 60603
T: 312.201.4000
goldbergkohn.com

Charles.Mulaney@goldbergkohn.com
direct phone: 312.201.3988

September 17, 2026

**VIA ECF**

The Honorable Ethan A. Hougah
United States Magistrate Judge
United States District Court, District of New Jersey
Mitchell H. Cohen Bldg. & U.S. Courthouse
4th & Cooper Streets, Room 3A
Camden, New Jersey 08101

**Re:** ***United States ex rel. David Freedman v. BAYADA Home Health Care, Inc., et al.,*** **Case No. 17-cv-06267**

Dear Judge Hougah:

We represent Plaintiff-Relator David Freedman ("Plaintiff-Relator") in the above-referenced matter. Pursuant to the Court's June 22, 2026 Order, ECF No. 273, we write to apprise the Court of two discovery issues in advance of the September 22, 2026 status conference.

***First***, on August 14, 2026, Plaintiff-Relator sent a letter to Defendant Cape Regional Medical Center ("CRMC") requesting the production of certain materials in the possession of Cooper University Health Care ("Cooper"), CRMC's corporate parent, relating to CRMC's joint venture with Defendant BAYADA Home Health Care, Inc. ("BAYADA") (See Exhibit 1). Cooper acquired CRMC in 2024, eight years after the joint venture at issue in this litigation (Cape Regional Home Health Care, LLC) was created.

Specifically, the August 14 letter requested that CRMC confirm that it has produced, or will produce, all valuations and related financial analyses in Cooper's possession concerning CRMC's interest in Cape Regional Home Health Care, LLC. The request encompasses documents responsive to Plaintiff-Relator's Requests for Production Nos. 5 through 10, which were served on November 6, 2025. The request is directly relevant to an issue central to this litigation—whether CRMC was receiving "remuneration" from its interest in the joint venture because of its position to control referrals to the joint venture, in violation of the Anti-Kickback Statute.

On September 16, 2026, CRMC informed Plaintiff-Relator that it objects to this request on the grounds, among others, that Cooper's internal financial analyses and valuations of CRMC generated as part of Cooper's acquisition of CRMC are not relevant to any issue in this case, all of which pre-date by many years Cooper's acquisition of CRMC. CRMC also maintains that that these materials are a nonparty's documents that are not within CRMC's possession, custody, or control, and Plaintiff-Relator has offered no valid basis for attributing them to CRMC. The parties intend to discuss this dispute with the Court at the September 22 status conference if it is not resolved before then.

Goldberg Kohn



***Second***, there may be forthcoming disputes regarding Defendants' assertions of attorney-client privilege and the work-product doctrine. As the Court is aware, Defendants' deadline for the production of privilege logs has been extended to September 22, 2026. *See* ECF 289. Plaintiff-Relator reserves the right to raise any disputes concerning Defendants' assertion of privilege, once he has had the chance to review those assertions and confer with Defendants regarding the same.

Relatedly, Plaintiff-Relator has filed objections to the Magistrate Judge's Order of May 29, 2026, pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1)(A). *See* ECF No. 272. Those objections challenge the Magistrate Judge's ruling on BAYADA's assertions of privilege over communications and memoranda related to the formation of the joint venture. That matter has been fully briefed and remains pending before Judge Kiel.

* * *

We will continue to keep the Court apprised of the progress of discovery and promptly raise with the Court any disputes that cannot be resolved through the meet-and-confer process.

We thank the Court for its consideration.

Respectfully submitted,

/s/ *Charles W. Mulaney*

Charles W. Mulaney

cc: *All counsel of record (via ECF)*